IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest Battle, #165247, | ) | C/A No.: 1:15-2704-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Edsel T. Taylor, Warden of MacDougall Corr. Inst., | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ernest Battle ("Petitioner"), proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.   Factual and Procedural Background

The instant petition is the second habeas action filed by Petitioner in this court challenging the same conviction.[1] *See Battle v. Bodison*, C/A No.: 1:09-2038-JFA ("*Battle I*"). A review of *Battle I* reveals that Petitioner was indicted by the Charleston

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (citation omitted).

County grand jury for trafficking cocaine, possession with intent to distribute cocaine within proximity of school ("PWID"), and conspiracy to violate South Carolina narcotics laws. *Battle I* at ECF No. 34 at 2. On June 4, 2001, the jury found Petitioner guilty of trafficking cocaine and PWID, and the court sentenced him to 25 years. *Id.* Petitioner appealed his convictions and sentence to the South Carolina Court of Appeals ("Court of Appeals"), which dismissed Petitioner's appeal. *Id.* at 2–3. Petitioner unsuccessfully sought rehearing. *Id.* at 4. Petitioner filed a pro se petition for writ of certiorari and motion for judgment on the pleadings with the South Carolina Supreme Court. *Id.* Both motions were denied on February 5, 2004. *Id.* The remittitur issued on February 9, 2004. *Id.*

Petitioner filed an application for post-conviction relief ("PCR") on September 10, 2004. *Id.* The PCR court issued an order on July 5, 2006, granting PCR solely on the issue of counsel's failure to object to the jury instructions on reasonable doubt and circumstantial evidence, and denying all remaining PCR claims. *Id.* The State appealed the granting of PCR in the South Carolina Supreme Court, and Petitioner did not cross-appeal the denial of the other 12 PCR claims. *Id.* On April 13, 2009, the South Carolina Supreme Court entered an order reversing the grant of state PCR. *Id.* at 5. The remittitur issued on April 29, 2009. *Id.*[2]

---

[2] Petitioner filed a second PCR application seeking a belated review of the grounds upon which his first PCR was denied. [ECF No. 1-3 at 6]. On July 22, 2013, the circuit court issued a consent order finding Petitioner was entitled to a belated appeal pursuant to *Austin v. State*, 409 S.E.2d 395. *Id.* Petitioner filed a petition of writ of certiorari, and on May 21, 2015, the South Carolina Supreme Court granted the petition, dispensed with

Petitioner filed *Battle I* in this court on August 3, 2009. *Battle I* at ECF No. 1. This court considered the petition on the merits and granted respondent's motion for summary judgment on August 31, 2010. *Id.* at ECF No. 46. Petitioner filed a motion to alter judgment on September 9, 2010, *id.* at 52, which the court denied on September 10, 2010, *id.* at 53. Petitioner filed an appeal in the Fourth Circuit Court of Appeals that was denied on March 2, 2011. *Id.* at 63. Petitioner filed a petition for rehearing en banc with the Fourth Circuit Court of Appeals that was denied on April 12, 2011. *Id.* at 65. The mandate issued on April 20, 2011. *Id.* at 66. The instant petition seeks a writ of habeas corpus on the same conviction.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a

---

further briefing, conducted an *Austin* review of the first PCR order, and denied the petition. [ECF No. 1-2].

pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant petition seeks a writ of habeas corpus on the same conviction as *Battle I*. Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, or a motion to vacate sentence under 28 U.S.C. § 2255, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because there is no showing Petitioner obtained authorization from the Fourth Circuit to file this

successive habeas petition in the district court, this court does not have jurisdiction to consider it.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition without prejudice.

IT IS SO RECOMMENDED.

August 5, 2015                                             Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).